IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELVIN VELASQUEZ | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | C. A. No. 4:14-cv-02791 |
| | § | |
| DANNY HERMAN TRUCKING, INC. | § | |
| AND LISA BLANCHARD, | § | |
| *Defendants.* | § | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATIONS AND
LIMIT TESTIMONY**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, Danny Herman Trucking, Inc. and Lisa Blanchard, file this motion and ask the

Court to strike the Plaintiff's designation of his treating physicians as expert witnesses and limit

their testimony, and would show the following:

**I.
INTRODUCTION AND SUMMARY**

1.  Plaintiff is Elvin Velasquez; Defendants are Danny Herman Trucking, Inc. and Lisa

Blanchard.

2.  This action arises out of a motor vehicle collision between the plaintiff's vehicle and

a truck operated by defendant Lisa Blanchard.

3.  Plaintiff has designated his treating medical physicians and medical providers as his

experts to testify regarding the nature, extent and treatment of his injuries and their causation.

Plaintiff failed to fully comply with Rule 26(a)(2)(C) because the experts are not properly identified

and the disclosures lack an adequate summary of their opinions and a statement of the facts

supporting their opinions. Plaintiff has also failed to comply with Rule 26(a)(2(B) because the records of the plaintiff's treating physicians contain no references to causation of his injuries, yet the expert disclosures do not provide any evidence of these physicians' qualifications or any reports by any of his proposed experts regarding causation.

4.      Because no evidence of the experts' qualifications were included and no reports were produced, the Plaintiff's designation of his treating physicians as experts should be stricken and their testimony limited to the contents and scope of the plaintiff's medical records, because the Plaintiff has not met his burden under Federal Rule of Civil Procedure Rule 26, Federal Rule of Evidence 702 and the standards set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 (1993) and its progeny.

## II.
## PLAINTIFF'S EXPERT DISCLOSURES

5.      Pursuant to this Court's scheduling order, issued on November 7, 2014 [Document 12], the Plaintiff's deadline for disclosing experts was March 3, 2015. Plaintiff served and filed his expert disclosures on March 2, 2015, designating only his treating physicians as his testifying experts [Document 14, attached to this motion at Exhibit A]. In its order issued on April 23, 2015 [Document 16], the Court extended the time in which plaintiff court further disclose experts to May 4, 2015. Plaintiff did not serve any further expert disclosures by that deadline and has since not supplemented his original disclosures.  Plaintiff identified the following providers as his non-retained experts:

            Interventional Spine Associates
            Woodlake MRI & Diagnostic
            ManaMRI
            City of Houston - EMS

2

>Doctors Rehab & Chiro-Center, LP
>United Northeast Radiology, LLP
>Bucking Horse Emergency Physicians, PLLC
>Alliance Pathology Consultants
>East Houston Regional Medical Center
>Southwest Orthopedic Group, LLP, Dr. Stephen Esses
>Trans Health Clinic
>West Belt Medical
>West Belt Medical Neurology
>Texas Distribution & Sales
>Westside Physicians Clinic

In designating these treating physicians as testifying experts, Plaintiff stated as follows:

>All medical personnel are expected to testify regarding their education, experience,
>and credentials as physicians or healthcare providers. These experts have reviewed
>the records of Plaintiff and/or examined Plaintiff. These experts will testify
>concerning the their diagnosis(ses), treatment recommendations and prognosis(ses)
>for Plaintiff, and reasonableness and necessity of the charges for professional services
>rendered. These experts are further expected to testify that in reasonable probability
>Plaintiff's injuries were proximately caused by or as a result of the incident made the
>basis of this lawsuit. These experts are of the opinion that Plaintiff will require
>additional and future treatment which will be necessary as a result of the incident
>made the basis of this lawsuit. To the extent applicable, these experts will give
>opinion testimony concerning the reasonable charges for future treatment.

[Ex. A, Doc. 14, p.1]. Plaintiff did not provide any resumes or other documents reflecting their

qualifications to testify as experts and did not include any reports complying with Rule 26(a)(2)(B).

## III.
## APPLICABLE LAW

A.   **DESIGNATION OF EXPERT WITNESSES**

6.   An expert's testimony must comply with Federal Rule of Evidence 702, which sets

forth the minimum threshold requirements for admissibility. Rule 702 states:

>A witness who is qualified as an expert by knowledge, skill, experience, training, or
>education may testify in the form of an opinion or otherwise if:
>(a) the expert's scientific, technical, or other specialized knowledge will help
>the trier of fact to understand the evidence or to determine a fact in issue;

3

(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID.. 702 (as amended, Apr. 26, 2011, eff. Dec. 1, 2011.)

7.     Rule 104 requires the court to decide the preliminary questions about whether a proposed expert witness is qualified, FED. R. EVID. 104(a), and the proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the expert's testimony is reliable as required by *Daubert* and its progeny.

8.     The Court's amended scheduling order required the parties to identify their expert witnesses in " a report listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion." [Doc. #16, p.1]. The Federal Rules of Civil Procedure mandate that the report must contain:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)    the facts or data considered by the witness in forming them;

(iii)   any exhibits that will be used to summarize or support them;

(iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)    a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B). As noted above, Rule 702 requires the witness to be qualified by virtue of his " knowledge, skill, experience, training, or education."

9.     In addition, as this court has recently stated, an expert's testimony must be relevant and reliable and that the proponent of the expert's testimony has the  burden of establishing this

4

predicate for the expert's testimony. *Mable v. Navasota Independent School Dist.*, 2010 WL 2990951 *2 (S.D. Tex. July 27, 2010). The testimony is relevant if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." FED.R.EVID. 702; *Daubert*, 509 U.S. at 591. The opinion's reliability depends "on the sufficiency of the facts or data that support the opinion, the dependability of the principles and methods employed, and the proper application of the principles and methods to the facts of the case." *Id.* citing FED.R.EVID. 702 and *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir.2007). The reliability of non-scientific testimony depends on the expert's personal knowledge, experience or training in his field to support his opinion. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150-51 (1999).

**B.     TREATING PHYSICIANS AND RULE 26(A)(2)(B) REQUIREMENTS**

10.     Plaintiff has identified his treating physicians as non-retained experts. A party designating an expert as a non-reporting expert has the burden of showing that the expert is thus properly designated. *Lee v. Valdez*, 2008 WL 4287730 at *2 (W.D. Tex. Sept. 18, 2008) citing *Cinergy Commc'ns Co. v. SBC Commc'ns, Inc.*, 2006 WL 3192544, at *3 (D. Kan. Nov.2, 2006). In addition, a treating physician's opinion about causation of a plaintiff's injuries is subject to the same standards of reliability that apply to expert opinions of physicians hired solely for purposes of litigation. *Brooks v. Union Pac. R.R. Co.*, 620 F.3d 896, 900 (8th Cir.2010).

11.     Although treating physicians are generally treated as non-reporting experts if their testimony falls "within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment," *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866, 871 (6th Cir.2007), several courts of appeal have held that treating physicians are subject to the reporting requirements of Rule 26(a)(2)(B) when they

5

are offered to testify beyond the scope of their observations, diagnoses and treatment as set forth in their records. See *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011); *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729 (7th Cir.2010); and *Brooks*, supra.

12.    In *Meyers*, the Seventh Circuit held that

> a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).

*Meyers*, 619 F.3d at 734-35. In *Brooks*, the Eighth Circuit concluded that a written report is required when a party seeks to have a treating physician testify about causation of a medical condition, as opposed to the mere existence of that condition, *Brooks*, 620 F.3d at 900. In *Goodman*, the Ninth Circuit followed the Seventh and Eighth Circuits, and held that  hold that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Goodman*,  644 F.3d at 826.

13.    Although the Fifth Circuit has not yet ruled on this issue, this Court and other federal district courts in Texas have similarly held:

> The Fifth Circuit has not specifically identified circumstances under which a treating physician may be required to provide a written report. However, district courts in this circuit agree that the treating-physician exception to the expert report requirement applies only when the treating physician's opinion testimony is based on personal knowledge obtained from examining and treating an individual. If the physician's opinion testimony is based on information learned outside the course of treatment, a written report is required.

*Cooper v. Wal-Mart Transp., LLC*, 2009 WL 290447 at *2 (S.D. Tex. Feb. 5, 2009). See *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 504 (2008) (If a plaintiff attempts to offer testimony from a treating physician not sufficiently related to the physician's personal knowledge and observations obtained

during the course of care and treatment or that was not formulated during the course of treatment, the proponent is required to provide a written report in compliance with Rule 26(a)(2)(B)); *Spears v. U.S.*, 2014 WL 258766 at *7 (W.D. Tex. Jan. 23, 2014) ("treating physicians can provide expert opinions aside from opinions related to their treatment as long as they comply with the written-report requirement of Federal Rule of Civil Procedure 26(a)(2)(B)); *Lee v. Valdez*, 2008 WL 4287730, at *3 (N.D.Tex. Sep.18, 2008) (A written report is required if a treating physician's testimony extends beyond testimony based on personal knowledge acquired during treatment.); *Lowery v. Spa Crofters, Inc.*, 2004 WL 1824380, at *2 (W.D.Tex. Aug.16, 2004) (The treating-physician exception to Rule 26's report requirement is "limited to facts and circumstances developed during the care of the patient."); *Martin v. Geico Gen. Ins. Co.*, 2002 WL 34370891, at *1 (N.D.Tex. Apr.15, 2002) (If the proffered expert testimony of a doctor extends beyond the scope of his personal knowledge as a treating physicians, the proponent must fully comply with Rule 26(a)(2)). See also, *Duke v. Lowe's Homes Ctrs., Inc.*, 2007 WL 3094894, at *1 (N.D. Miss. Oct.19, 2007) (without an expert report, a treating physician's testimony is limited to facts and opinions contained in the medical records).

## IV.
## PLAINTIFF'S EXPERT DISCLOSURES DO NOT COMPLY WITH RULE 26

A.   PLAINTIFF DID NOT PROPERLY IDENTIFY INDIVIDUAL EXPERTS, EXCEPT FOR SOUTHWEST ORTHOPEDIC GROUP

13.   The list of providers in Plaintiff's expert disclosures do not include the names of any individuals who are expected to testify, except for Dr. Stephen Esses, who is listed in association with Southwest Orthopedic Group. The other "experts witnesses" are an emergency service entity,[1]

---

[1] City of Houston - EMS.

imaging or treatment facilities,[2] billing entities[3] and a medical device supplier.[4] Such a designation does not comply with Rule 26 in that specifically named witnesses are not identified.  There is an absolute dearth of case law about whether a facility or other business entity can be designated as an "expert" under Rule 26, but the requirements of Rule 26 would seem to suggest that it contemplates that only individuals can be designated as experts. Although some of these "experts may have only one physician associated with the treatment of the plaintiff, others involved more than one, and in some cases several. This leaves Defendants having to guess who could actually be called to testify, based on the plaintiff's medical records. This amounts to an implicit reference to Plaintiff's medical records, but courts have held that the mere reference to medical records does not comply with the requirements of Rule 26. See *Anderson v. Bristol, Inc.*, 936 F.Supp.2d 1039, 1059-1060 (S.D. Iowa 2013), and cases cited therein.

**B.   PLAINTIFF HAS NOT COMPLIED WITH RULE 26(a)(C)(ii) – SUMMARY OF FACTS AND OPINIONS.**

For non-reporting experts, the proponent must provide a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. Proc. 26(a)(C)(ii); *Torres v. City of San Antonio*, 2014 WL 7339122 at *2 (W.D. Tex. Dec. 23, 2014).  Plaintiff has only stated the subject matter of their testimony and a minimal summary of their expected opinions. Plaintiff has not stated any facts that would support those opinions. Plaintiff merely states that his experts "have reviewed

---

[2] Interventional Spine Associates, Woodlake MRI & Diagnostic, ManaMRI, Doctors Rehab & Chiro-Center, LP, East Houston Regional Medical Center, Trans Health Clinic, West Belt Medical, and West Belt Medical Neurology.

[3] United Northeast Radiology, LLP, Bucking Horse Emergency Physicians, PLLC, and Alliance Pathology Consultants.

[4] Texas Distribution & Sales.

the records of Plaintiff and/or examined Plaintiff." [Ex. A, Doc. 14, p.1].Several district courts have

held that the mere reference to medical records in expert disclosures is insufficient to satisfy Rule

26(a)(C)(ii). See *Anderson v. Bristol, Inc.*, 936 F.Supp.2d 1039, 1059-1060 (S.D. Iowa, March 25,

2013) and cases cited therein. In Anderson, the court held that

> when a party merely states the name of the witness along with the witness'
> connection to the case, or where the party solely refers to medical or similar records
> that have already been produced, without providing a summary of the witness'
> expected testimony, the party is not in full compliance with the disclosure
> requirements found in Rule 26(a)(2)(C).

936 F.Supp.2d at 1060.

### C. PLAINTIFF INCLUDED CAUSATION IN THE SUBJECT MATTER OF HIS TREATING PHYSICIANS, BUT CAUSATION WAS NOT DISCUSSED IN HIS MEDICAL RECORDS .

13.     As noted in paragraph 5 above, Plaintiff has stated that his treating physicians are

expected to testify that in reasonable probability Plaintiff's injuries were proximately
caused by or as a result of the incident made the basis of this lawsuit. These experts
are of the opinion that Plaintiff will require additional and future treatment which
will be necessary as a result of the incident made the basis of this lawsuit.

[Ex. A, Doc. 14, p.1]. On January 29, 2015, Plaintiff filed and served his First Amended Disclosures

[Document 13, attached as Exhibit B], to which he attached medical records[5] with affidavits, for the

following providers:

> Mana MRI
> City of Houston - EMS
> Doctors Rehab & Chiro-Center, LP
> East Houston Regional Medical Center
> Southwest Orthopedic Group, LLP, Dr. Stephen Esses
> Trans Health Clinic
> West Belt Medical
> West Belt Medical Neurology

---

[5] Plaintiff also produced billing records.  For the sake of brevity, and because they do not contain any expert opinions, the affidavits and billing records have been omitted.

Texas Distribution & Sales

The medical records of these providers are attached hereto as Exhibits C-1–C-9.[6]

15.     A review of these records shows that none of them contain any opinions of plaintiff's treating physicians about whether his injuries were caused by the accident in question. Although they may contain statements about medical necessity of the treatments, that does not establish proximate causation.[7]

**D.     Plaintiff's experts should be stricken because his do not comply with the requirements of Rule 26(a)(2)(B).**

16.     Because Plaintiff has stated that his experts are expected to testify about causation, which they did not address during their treatment of him, Plaintiff was required to comply with Rule 26(a)(2)(B). Other than listing his experts' names and addresses and giving a woefully brief description of the subject matter of their testimony, Plaintiff has not fulfilled any of those requirements. He has not produced any of the following:

(i)      a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)     the facts or data considered by the witness in forming them;
(iii)    any exhibits that will be used to summarize or support them;

---

[6] The Fifth Circuit appears to have followed the widely held view that documents produced by opposing parties in discovery are "self-authenticating" or implicitly authenticated by the act of production. *See McConathy v. Pepper-Seven Up Corp.*, 131 F.3d 558, 562 (5th Cir., 1998). *See also, e.g., Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988); *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991); *Anand V. BP West Coast Products LLC*, 484 F.Supp.2d 1086, 1092 n.11 (C.D. Cal. 2007); *FTC v. Hughes*, 710 F. Supp. 1520, 1523 (N.D. Tex. 1989).

[7] Under the Texas law of damages, evidence of medical necessity does not by itself establish legal causation. *Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 838 (Tex. 1997) (even if the parties stipulate that the plaintiff's medical expenses are are reasonable and necessary, the plaintiff must still submit "proof that establishes a direct causal connection between the damages awarded, the defendant's actions, and the injury suffered."). Also, although Plaintiff has served affidavits of reasonableness and necessity pursuant to Tex. Civ. Prac. & Rem Code 18.001, such affidavits do not establish causation of the injuries. See *Owens v. Perez*, 158 S.W.3d 96, 110 (Tex.App.-Corpus Christi 2005, no pet.) *Beauchamp v. Hambrick*, 901 S.W.2d 747, 749 (Tex.App.-Eastland 1995, no writ).

| | |
|---|---|
| (iv) | the witness's qualifications, including a list of all publications authored in the previous 10 years; |
| (v) | a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and |
| (vi) | a statement of the compensation to be paid for the study and testimony in the case. |

Plaintiff has made no effort to comply with *Daubert* and its progeny and has therefore failed to produce anything to show that his experts are qualified "by knowledge, skill, experience, training, or education," or that their "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," as required by Rule 26(a)(2)(B)(1).

17.    In *Lowery*, the court stated that "when a physician's proposed opinion testimony extends beyond that care or treatment, and the physician's specific opinion testimony is developed in anticipation of trial, the treating physician becomes an expert from whom an expert report is required." 2004 WL 1824380, at *2. In this case, none of plaintiff's providers can rely on the records of their diagnoses and treatment of Plaintiff to support an opinion on causation. Plaintiff's expert disclosures should be stricken and his medical providers should be limited to testifying as fact witnesses solely about facts supported by their medical records.

WHEREFORE, Defendants ask the Court to strike the Plaintiff's expert disclosures, order that Plaintiff's experts shall be allowed to testify solely as fact witnesses., and award defendant all other relief the court deems appropriate.

Respectfully submitted,

s/ Owen H. Ellington
Owen H. Ellington
State Bar No. 06534001
Fed ID No. 9926
77 Sugar Creek Center Blvd., Suite 325
Sugar Land, Texas  77478

11

Tel:  (832) 500-4635
Fax:  (832) 999-4016
E-mail: oellington@ellingtonlaw.com
**ATTORNEY-IN-CHARGE FOR DEFENDANTS,
DANNY HERMAN TRUCKING, INC. AND LISA
BLANCHARD**

**OF COUNSEL:**
ELLINGTON & ASSOCIATES 77 Sugar Creek Center Blvd., Suite 325
Sugar Land, Texas  77478
Email: oellington@ellingtonlaw.com
Tel:  (832) 500-4635
Fax:  (832) 999-4016

## CERTIFICATE OF CONFERENCE

I hereby certify that I have discussed with Plaintiff's counsel our intent to file this motion and Plaintiff's counsel has stated that they are opposed to this motion.

s/ Owen H. Ellington
Owen H. Ellington

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was sent to to the following counsel of record through the Notice of Electronic Filing on this the __30th__ day of September, 2015:

Nomaan Husain
Young & Husain, PLLC
2700 Post Oak Blvd., Suite 1220
Houston, TX 77056

Muhammad S. Aziz
Abraham, Watkins, Nichols, Sorrels, Agosto & Friend
800 Commerce Street
Houston, TX 77002

s/ Owen H. Ellington
Owen H. Ellington