United States District Court
Southern District of Texas
**ENTERED**
December 15, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELVIN VELASQUEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2791 |
| | § | |
| DANNY HERMAN TRUCKING, INC. and | § | |
| LISA BLANCHARD, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is a motion to strike plaintiff Elvin Velasquez's expert designations and limit testimony filed by defendants Danny Herman Trucking and Lisa Blanchard (collectively, "Defendants"). Dkt. 22. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

This is a personal injury case arising from a motor vehicle collision between Velasquez's vehicle and a truck that was operated by Blanchard, who was employed by defendant Danny Herman Trucking Inc. Dkt. 18. Defendants move to strike Velasquez's treating physicians as expert witnesses and limit their testimony. Dkt. 22. Defendants contend that Velasquez did not provide the alleged experts' qualifications and produced no expert reports. *Id.* Defendants thus request that the court strike Velasquez's designation of his treating physicians as experts and limit their testimony to the scope of Velasquez's medical records, which Defendants assert do not discuss causation. *Id.* Additionally, Defendants argue that even if the experts are non-retained experts and no expert report

is required, these experts have not been adequately identified and the summary of testimony is insufficient to comply with Federal Rule of Civil Procedure 26. *Id.*

Velasquez contends that he designated his treating physicians as non-retained experts, not retained experts. Dkt. 23. Velasquez asserts that the summary of facts and opinions he provided with his designations is sufficient under Federal Rule of Civil Procedure 26(a)(2)(C)(ii), which deals with non-retained experts. *Id.* Moreover, Velasquez argues that even if the summary were insufficient, that is not grounds to automatically strike the experts because the alleged inadequacies of the disclosures are "clearly harmless." *Id.* Velasquez contends that the defendants have not been prejudiced by the alleged inadequacies and cannot claim surprise since they have all of the medical records in this case. *Id.*

Defendants point out that in this case the plaintiff is claiming he suffered neck, back, shoulder, and knee injuries as a result of the accident. Dkt. 24. Defendants argue that expert reports are necessary to testify about proximate causation in this situation. *Id.* Defendants thus ask the court to strike the experts and rule that they may testify only as fact witnesses. *Id.*

## II. Legal Standard

Rule 26(a)(2) separates experts into two types: those who must provide an expert report under Rule 26(a)(2)(B) and those who are exempt from the expert report requirement under Rule 26(a)(2)(C). Fed. R. Civ. P. 26(a)(2). Treating physicians are generally not required to provide an expert report when they testify about their treatment of a patient. Fed. R. Civ. P. 26(a)(2)(C), Advisory Comm. Note (2010) ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals . . . .");

*see also Jones v. USF Holland, Inc.*, No. 3:07-CV-00130, 2009 WL 928732, at *1 (E.D. Ark. Apr. 3, 2009) (noting that most courts do not require a treating physician to file an expert report when testifying as to the treatment of a patient, but may require an expert report when the testimony goes beyond the scope of treatment). The testimony, however, must be "confined to 'facts disclosed during care and treatment of the patient.'" *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (Ellison, J.) (quoting *Brown v. Best Foods*, 169 F.R.D. 385, 389 (N.D. Ala. 1996)) (collecting cases). Some courts allow treating physicians who are designated under Rule 26(a)(2)(C) to opine about causation of the plaintiff's injuries and the prognosis but only when these opinions are "'based on the care-provider's personal knowledge and observations obtained during the course of care and treatment.'" *Id.* (quoting *Garcia v. City of Springfield Police Dep't*, 230 F.R.D. 247, 249 (D. Mass. 2005)). If the treating physician's opinions are outside of his or her personal knowledge and observations, then courts often require an expert report and designation under Rule 26(a)(2)(B). *Id.* Courts should, of course, consider "the purposes behind Rule 26(a)(2)(B) and the fairness of requiring a [plaintiff] to proceed without the benefit of an expert report when determining whether to require a treating physician to provide an expert report." *Id.*

If the physician is considered a non-retained expert under Rule 26(a)(2)(C), then the plaintiff must provide in his or her disclosure of expert testimony a statement of "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). These summary disclosures are "considerably less extensive than the report required by Rule 26(2)(C). Courts must take care against requiring undue detail, keeping in mind that those witnesses have not been specially retained and may not be as responsive to counsel as

those who have." Fed. R. Civ. P. 26(a)(2)(C), Advisory Comm. Note (2010). However, "some specificity is required." *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *5 (S.D. Tex. Sept. 14, 2015) (Harmon, J.). Courts have interpreted the "summary of the facts and opinions" requirement as follows:

> "The Court finds that a summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics or their opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies."

*Id.* at *6 (quoting *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015)).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "The admission or exclusion of expert testimony is a matter left to the discretion of the trial court, and that decision will not be disturbed on appeal unless it is manifestly erroneous." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.2d 546, 561 (5th Cir. 2004).

### III. ANALYSIS

Velasquez's designation lists fifteen companies in the healthcare industry. Dkt. 22, Ex. 1, Ex. A. There are no specific physicians or practitioners listed under any of the companies. *Id.* Instead, the summary is a joint summary for all of these "experts":

> All medical personnel are expected to testify regarding their education, experience, and credentials as physicians or healthcare providers. These experts have reviewed the records of Plaintiff and/or examined Plaintiff. These experts will testify concerning their diagnosis(ses), treatment recommendations and prognosis(ses) for Plaintiff, and reasonableness and necessity of the charges for professional services rendered. These experts are further expected to testify that in reasonable probability Plaintiff's injuries were proximately caused by or as a result of the incident made the basis of this lawsuit. These experts are of the opinion that Plaintiff will require additional and future treatment which will be necessary as a result of the incident made the basis of this lawsuit. To the extent applicable, these experts will give opinion testimony concerning the reasonable charges for future treatment.

*Id.* The "medical personnel" are identified by referring to, for example, Interventional Spine Associates and City of Houston - EMS. *See id.* This generalized summary that applies to all the "experts" collectively is insufficient. If Defendants desired to depose Velasquez's experts to determine, for instance, why they believe Velasquez's injuries were caused by the accident or what charges they believe are reasonable for future treatment, they would not know which out of the fifteen listed companies to contact or who at those companies to notice for a deposition. Velasquez points out that Defendants had all of his medical records, but it is not Defendants' burden to sift through the medical records to figure out which physicians at each of the listed facilities treated Velasquez. Rather, it is Velasquez's burden to properly designate his experts.

In determining whether error is harmless under Rule 37(c)(1), district courts must consider four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *see also Primrose Operating Co.*, 382 F.3d at 563–64 (relying on these factors). The parties did not brief these factors, but Velasquez does assert that the court should not strike the witnesses because Defendants have not been prejudiced. However, the plaintiff's expert report deadline was May 4, 2015, the discovery deadline was September 1, 2015, and the dispositive motion deadline was September 30, 2015. Dkt. 16. Defendants did not have adequate information about these experts at any of these important junctures in the case. With the jury trial set for January 25, 2015, prejudice can be inferred. No party has asked for a continuance, and it is rather late in the process for the court to contemplate granting a continuance if they had. The court understands that the evidence is likely very important to Velasquez's case, but Velasquez has offered no explanation for his failure to properly disclose the information. Accordingly, on balance, the court finds that the error is not harmless.

### IV. Conclusion

Defendants' motion to strike (Dkt. 22) is GRANTED. Any witnesses Velasquez ultimately presents from the medical facilities listed may testify as fact witnesses only, and their testimony shall be confined to the medical records.

Signed at Houston, Texas on December 15, 2015.

_____
Gray H. Miller
United States District Judge

6